## Nick v. Esslinger

*Brown & Zimmerman,* for plaintiffs.
*John Hill Byrne,* for defendant.

JOHNSTONE, J., October 21, 1960.—In this action in assumpsit, plaintiffs seek to recover from defendant their respective shares of the assets of a dissolved partnership consisting of all three parties to this action and plaintiff, R. P. Nick, further seeks to recover the sum of $3,000, representing the sum allegedly agreed to be paid by defendant for the name and good will of the partnership business. . . .

By stipulation of the parties, defendant admittedly owes R. P. Nick $4,327.43 and R. W. Nick $1,213.69. This leaves as the only disputed item the question of whether defendant also owes R. P. Nick the further sum of $3,000 for the name and good will of the busi-

ness. Defendant admits that he elected to continue the operation of the business formerly conducted by the partnership and that the partnership agreement clearly states that the partner so electing would pay to the retiring partner the sum of $3,000. However, defendant contends that plaintiffs purposely set out to dissolve the partnership with the intention of entering into a competing business, that they prepared to compete with Weld-Well Service Company by endeavoring to line up suppliers who supplied Weld-Well prior to the dissolution, and that they spread the word around among the customers of the partnership that the partnership would no longer be in a position to supply the materials formerly supplied, also prior to the dissolution of the partnership, and therefore defendant is not obligated to pay the $3,000 for he received nothing in return. Whether or not defendant's contention is sound is immaterial since there is not one word of testimony that plaintiffs did any of the things they were accused of doing prior to the dissolution. In fact, the only testimony in the record is that plaintiffs were very careful to refrain from doing anything prior to the dissolution which might give defendant any ground for complaint.

Defendant attempted to show what activities plaintiffs engaged in after January 1, 1959, for the purpose of trying to prove a disposition on the part of plaintiffs to defraud defendant. Since plaintiffs were not prohibited by the partnership agreement from entering into competition with it after a dissolution, the court ruled, and properly so, that plaintiffs' activities after January 1, 1959, were not admissible in evidence. In the recent case of Spring Steels, Inc., v. Malloy, 400 Pa. 354, the Supreme Court refused to restrain former employes from engaging in business in competition with plaintiff, under circumstances far more compelling than those present here, because there was no

agreement to refrain from entering into a competing business.

Plaintiffs have broken neither the letter nor the spirit of the partnership agreement and no good cause has been shown why defendant should not live up to his bargain and pay the required sum for the right to the name and good will of the former partnership. . . .

### Decree

And now, October 21, 1960, judgment is entered in favor of R. P. Nick and against F. J. Esslinger in the sum of $7,327.43, together with interest at the rate of six percent from January 10, 1959, to this date in the sum of $786.48, or a total of $8,113.91, and judgment is entered in favor of R. W. Nick and against F. J. Esslinger in the sum of $1,213.69, together with interest at the rate of six percent from January 10, 1959, to this date in the sum of $130.27, or a total of $1,343.96.